ALD-060                                                                        NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3169
_____

NICHOLAS ALBERT PRACHT,
                                        Appellant

v.

SECRETARY PENNSYLVANIA DEPARTMENT OF CORRECTIONS; MR.
KENNETH CAMERON (EX-WARDEN OF SCI-H); MR. MOBALAJI WUJUOLA;
MRS. JANET PIERSON, (C.H.C.A.) Head Nurse); MRS. ANGELA BRANTNER,
(A.O.D./O.T.T. BOSS); MR. CHRIS REED, (Activity Boss); MRS. MICHELLE
IVICIC, (C.C.P.M.); MR. (JOHN DOE) PARKS, (Min Librarian); MR. VINCENT
DEFELICE, (Ex-S.N.U./R.T.U UNIT BOSS); CAPTAIN BRUMBAUGH, Security
Captain; MS. (JANE DOE) GAYLEY, (Mailroom Inspector); MR. SHANNON SAGE,
(J.F.C. Advisor/Boss); MR. MICHAEL ROWE, (J.F.C. Advisor/Boss); MR. (JOHN
DOE) PETULLO, (J.F.C. Advisor/Boss); MRS. DORETTA CHENCHARICH,
(Grievance Coordinator); MRS.  ALICIA SWANSON, (Victim-Impact Awareness);
MRS. JOAN BAILEY, (Victim Impact Awareness/Dog Coach); MR. (JOHN DOE)
WHEELER, School Guidance Counselor; SERGEANT (JOHN DOE) MACAULEY, (2-
10 Shift); MR. (JOHN DOE) CINKO, (Correctional Officer) (In Both His Individual And
Official Capacity); MR. (JOHN DOE) PYO, S.N.U./R.T.U. Unit Boss); TRINITY HIGH
SCHOOL PRINCIPAL, C.E.O.; SIGMA PI SOCIAL FRATERNITY PRINCIPLE,
C.E.O.; MR. CAPTAIN (JOHN DOE) O'SHEA, (Security Captain In Both His Official
and Individual Capacities); MR. (JOHN DOE) REESE, In His Individual and Official
Capacities; MR. (JOHN DOE) GAINES, Officer, (Correctional Officer) (in Both His
Individual and Officer Capacities); MR. (JOHN DOE)  BLACK, (Correctional Officer)
(in both His Individual and Official Capacities); MR. JOHN DOE EVERHART, (EX
C.C.P.M.) (in both His Official and Individual Capacities); R.H.U. LIEUTENANTS, (2-
10)/(6-2) In Both their offical and individual capacities; MR. (JOHN DOE)  WALMER,
(Chief Psychologist) In Both His Individual and Official Capacities; MRS. (JANE DOE)
KEITH, (EX-BA Psychologist) in Both Her Official and Individual Capacity; MRS.
CIAVARELLI MACAULEY, (CURRENT BA PSYCHOLOGIST) in Both Her Official
and Individual Capacities; MRS. "C." AND COMPANY (3 JANE DOES BA-Pod
current Psychology 3 lady team) in Both Their Individual and Official Capacities;

MR. STEVEN GLUNT, Ex-Warden of SCI Houtzdale; DAVID J. CLOSE, Warden, SCI Houtzdale; MRS. (JANE DOE) MCQUILLIN, Employment Counselor; MR. (JOHN DOE) SMITH, Trinity High Alumni Boss;  MR. (JOHN DOE) SMITH II, Sigma Pi Alumni Boss; ALL R.H.U. LIEUTENANTS (JOHN DOES) SMITHS III/IV/V

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 3-15-cv-00261)
District Judge:  Honorable Kim R. Gibson

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
December 1, 2016

Before:        MCKEE, JORDAN and RESTREPO, <u>Circuit</u> <u>Judges</u>

(Opinion filed: January 10, 2017)
_____

OPINION[*]
_____

PER CURIAM

Nicholas A. Pracht appeals, pro se and in forma pauperis, the District Court's

order dismissing his complaint for failure to state a claim without leave to amend.

Because no substantial question is presented, we will summarily affirm.

Pracht is an inmate at S.C.I. Houtzdale.  Prior to bringing this suit, Pracht filed a

complaint in 2012, alleging that he was being deprived of various rights by many prison

officials and others.  The complaint was eventually dismissed without leave to amend,

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not

and his appeal was dismissed for failure to pay the filing fee.  See W.D. Pa. Civ. No. 12-cv-00089; C.A. No. 12-03640.  Pracht filed the present complaint in 2015.  The Magistrate Judge initially recommended Pracht amend his complaint.  Pracht did so, and, after considering the initial, amended, and second amended complaints, the Magistrate Judge recommended dismissal for failure to state a claim without leave to amend further.  After Pracht timely filed objections, the District Judge entered a final order adopting the Magistrate Judge's recommendation.  Pracht timely filed a notice of appeal.[1]

In his second amended complaint, Pracht repeats many of the claims included in the 2012 suit.  Pracht details ostracism and "blacklisting," dereliction of duty for denying his grievances, wrongful denial of infirmary and outpatient treatment, wrongful exclusion from a victim-offender reconciliation program due to Pracht's membership in the North American Man Boy Love Association and affiliation with Satanism, wrongful censorship of mail (because he receives much less mail than he sends out), wrongful exclusion from activities involving veterans even though he is an ex-CIA black-ops agent, wrongful exclusion from games, celebrations, and the gym and weights because he is both a Zionist and has an uncle who is Imperial Wizard of the Southern Ku Klux Klan, wrongful denial of grievances, wrongful orders to dispose of papers in his cell, denial of free access to religion (because he cannot attend Jewish, Catholic, and Indian faith libraries), that he

constitute binding precedent.

[1] Pracht also filed a motion to proceed on the original record and to be exempted from filing an appendix or other documents in this Court.  In light of our disposition of the

3

was the subject of a "code red" involving ostracism and harassment, and inadequate library resources because no sacred religious texts are included and the library uses the "incomprehensible" Lexis-Nexis. Pracht also alleges claims against his former high school and college administrators for refusing to send him alumni newsletters. The Magistrate Judge regarded these claims as repetitions of the 2012 complaint, and therefore barred by res judicata.

While the majority of the claims presented were repeated from earlier complaints, the Magistrate Judge specifically discussed Pracht's claim that prison officers came into his cell and rammed his head into a cell divider "around NOVEMBER/DECEMBER 2012/2013." Dist. Ct. R. Doc. 14, pp. 8, 14. The Magistrate Judge noted that Pracht's 2012 complaint detailed a similar incident that allegedly took place in October 2011 and was the subject of Pracht's previous federal suit; therefore, if Pracht's present claim sought to relitigate that claim, it would also be barred by res judicata.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's order adopting the Magistrate Judge's recommendation to dismiss, and review the denial of leave to amend for abuse of discretion. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000); Venuto v. Witco Corp., 117 F.3d 754, 758 (3d Cir. 1997); Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 163 (3d Cir. 2010). In looking at the complaint, we must accept as true the factual

appeal, we grant that motion.

allegations and all reasonable inferences that can be drawn therefrom. Allah, 229 F.3d at 223. To survive dismissal, a plaintiff's claim of injury or imminent danger must be plausible on its face, such that the court could reasonably infer that the defendant is liable for the conduct alleged. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). We may affirm on any ground supported by the record. Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999).

We agree with the Magistrate Judge's conclusion that Pracht's complaint essentially restates the claims set forth in his previous case, see W.D. Pa. Civ. No. 13-cv-00089; C.A. No. 12-03640, and is therefore barred by res judicata. "Under the doctrine of *res judicata* or claim preclusion, a subsequent suit based on the same cause of action as a prior suit that involved the same parties or their privies is barred where there has been a final judgment on the merits in the prior suit." Labelle Processing Co. v. Swarrow, 72 F.3d 308, 313 (3d Cir. 1995). To the extent Pracht alleges the same claims as his previous suit against the same persons, those claims were properly dismissed.

Pracht's claim that he was assaulted "around NOVEMBER/DECEMBER 2012/2013" was also properly dismissed, even if not barred by res judicata. While pro se complaints are held "to less stringent standards than formal pleadings drafted by lawyers," Haines v. Kerner, 404 U.S. 519, 520 (1972), a pro se plaintiff must still present a plausible claim for relief. See Iqbal, 556 U.S. at 679. In determining whether a complaint states a plausible claim for relief, a reviewing court must "draw on its judicial

5

experience and common sense." Id. Where the well-pleaded facts do not permit the court to infer more than the possibility of misconduct, the complaint has not shown that the pleader is entitled to relief. Id.; see also Fed. R. Civ. P. 8(a)(2). Here, Pracht alleges one incident of assault but fails to give a specific date, month or year that it occurred, which is necessary to determine the plausibility of his complaint. Furthermore, the complaint includes no names, descriptions, corroborating facts, or additional details of the alleged assault that would allow us to infer more than the possibility of misconduct. See Iqbal, 556 U.S. at 679. Therefore, drawing on our judicial experience and common sense, we cannot say that Pracht is entitled to relief on this broad and unspecific allegation. Accordingly, dismissal was proper.

Finally, denial of leave to amend on the grounds of futility was proper. "[A]mendment is futile if the amended complaint would not survive a motion to dismiss for failure to state a claim upon which relief could be granted." Alvin v. Suzuki, 227 F.3d 107, 121 (3d Cir. 2000); see also Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). Pracht has enjoyed three separate rounds of amendment in this action, and the Magistrate Judge considered all of Pracht's various pleadings before concluding that further amendment would be futile. The District Court was therefore well within its discretion to adopt the recommendation of the Magistrate Judge and deny further leave to amend.